UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                        Case No. 6:08-cr-231-Orl-28KRS

AQMI STRATEGY CORPORATION,
PRESIDION SOLUTIONS, INC., and
PROFESSIONAL BENEFIT SOLUTIONS,
  d/b/a PRESIDION SOLUTIONS VII, INC.

**REPLY TO DEFENDANTS' RESPONSE TO UNITED STATES'
MOTION FOR LEAVE TO DISMISS INDICTMENT**

Pursuant to this Court's Endorsed Order dated December 10, 2009, the United States hereby files its reply to the defendants' response to the United States' Motion for Leave to Dismiss the Indictment pending against defendants AQMI Strategy Corporation; Presidion Solutions, Inc.; and Professional Benefit Solutions, Inc., d/b/a Presidion Solutions VII, Inc.

On December 1, 2009, this Court granted the United States' Motion for Leave to Dismiss without prejudice.  Doc. 106.  As the corporate representative, Frank L. Amodeo ("Amodeo"), is currently incarcerated, the defendants' response did not reach the Court before this Court ruled on the United States' motion.  This Court has now ordered the United States to reply to the defendants' response.

In the defendants' response, their position is that this Court should dismiss this case with prejudice.  When the rhetoric of the response is distilled to the basics, it appears that their position is predicated on the unsupported and frivolous allegations that the United States is acting in bad faith in seeking the dismissal because:  (a) a trial

would reveal that the defendants and Amodeo are innocent; (b) a dismissal would cover up the Internal Revenue Service's actions responsible for the failure of the payment of the payroll taxes; (c) the United States' ownership of AQMI is suspect; and (d) the United States would be embarrassed because a trial would reveal that Amodeo was mentally ill when prosecuted.

Federal Rule of Criminal Procedure 48(a) states that "the government may, with leave of court, dismiss an indictment, information, or complaint."  Fed. R. Crim. P. 48(a).

In general, unless a contrary intent is clearly expressed, dismissals under Rule 48(a) are without prejudice.  United States v. Matta, 937 F.2d 567, 568 (11th Cir. 1991). The Eleventh Circuit has stated that a dismissal of an indictment under Rule 48(a) entitles the government to a presumption of good faith.  Id. at 568, citing United States v. Dyal, 868 F.2d 424, 428 (11th Cir. 1989).

In order to overcome the presumption of good faith, a defendant must show one of two things.  Id.  A defendant must either demonstrate that the initial dismissal of the indictment was in bad faith, or that the defendant has been prejudiced in his ability to attack the prosecutor's motives because the government failed to articulate its reasons for the dismissal.[1]  Id.  The court in Matta stated that "[a]n indictment will be dismissed without prejudice if the reason for dismissal does not go to the merits or demonstrate a purpose to harass."  Matta, 937 F.2d at 568.

---

[1]  The second prong of this test would primarily apply in a situation where the United States has already dismissed an indictment and the United States seeks to prosecute a defendant after a dismissal or seeks another dismissal.

2

In this case, the dismissal sought by the government goes neither to the merits nor demonstrates a purpose to harass.  As stated in the United States' original motion, the United States now owns the defendant corporations.  On November 18, 2009, this Court entered a Final Order of Forfeiture, vesting title to the corporations, including all of their assets, in the United States of America.  See United States v. Frank L. Amodeo, Case No. 6:08-cr-176-28GJK, Doc. 177.  In light of this forfeiture, there is no law enforcement purpose served by continuing to prosecute the charges in the instant case. Had the defendant corporations been convicted, the only sentence available would have been a fine.  Because the corporate assets have been forfeited, imposition of a fine serves neither a remedial nor punitive purpose.  Additionally, because these corporations are now owned by the United States, the continuation of this case would result in the United States effectively proceeding against itself.  The reasons set forth in the United States' motion, therefore, clearly establish good faith and a well-articulated basis for the dismissal.

There are additional grounds supporting a dismissal without prejudice.  Amodeo has appealed his conviction and sentence, and in a separate appeal, the final order of forfeiture.  While the United States is confident that it will prevail on appeal, in the very unlikely situation that Amodeo prevails, Amodeo's conviction and forfeiture of his assets, including these three defendants, could be undone.  If that were the case, the United States may very well seek to re-indict the defendant corporations.  If a dismissal was granted with prejudice, the United States could not proceed.

Additionally, it is clear to the United States from Amodeo's pleadings that if Amodeo does not prevail on appeal, he will file a Section 2255 motion.[2]  Again, while the United States is confident that it will prevail on any post-conviction motion, in the very unlikely situation that Amodeo prevails, the same result stated in the paragraph immediately above would happen.  In that case, the United States may very well seek to re-indict the defendant corporations.

WHEREFORE, the United States respectfully requests that this Court re-affirm its granting of the requested leave to dismiss the Indictment without prejudice against defendants AQMI Strategy Corporation; Presidion Solutions, Inc.; and Professional Benefit Solutions, Inc., d/b/a Presidion Solutions VII, Inc.; in the above-captioned case.

Respectfully submitted,

A. LEE BENTLEY, III
Attorney for the United States,
Acting Under Authority Conferred by
   28 U.S.C. § 515

By:     s/ I. Randall Gold
        I. Randall Gold
        Assistant United States Attorney
        Fla. Bar No. 0268062
        501 West Church Street, Suite 300
        Orlando, Florida  32805
        Telephone:   (407) 648-7500
        Facsimile:    (407) 648-7643
        E-mail:        randy.gold@usdoj.gov

---

[2]The United States submits such a pleading would be baseless and frivolous.

**U.S. v. AEM, INC., d/b/a MIRABILIS HR,** *et al.*        **Case No. 6:08-cr-231-Orl-28KRS**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 21, 2009, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

>        MIRABILIS VENTURES, INC.
>        AEM, INC., d/b/a MIRABILIS HR
>        HOTH HOLDINGS, LLC
>        c/o Richard Lee Barrett, Esquire
>        18 Wall Street
>        Orlando, FL   32801
>
>        Thomas H. Dale, Esquire

I hereby certify that on December 21, 2009, a true and correct copy of the

foregoing document and the notice of electronic filing was sent by U.S. Mail to the

following non-CM/ECF participant:

>        PRESIDION SOLUTIONS, INC.
>        AQMI STRATEGY CORPORATION
>        PROFESSIONAL BENEFIT SOLUTIONS, d/b/a PRESIDION SOLUTIONS
>             VII, INC.
>        c/o Frank L. Amodeo
>        Reg. No. 48883-019
>        FCI Coleman Low
>        Federal Correctional Institution
>        P.O. Box 1031
>        Coleman, FL  33521

>        *s/  I. Randall Gold*
>        Assistant United States Attorney
>        Deputy Chief, Orlando Division
>        Florida Bar Number 0268062
>        501 West Church Street, Suite 300
>        Orlando, Florida  32805
>        Telephone:   (407) 648-7500
>        Facsimile:   (407) 648-7643
>        E-mail:       randy.gold@usdoj.gov